# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**PERRY L. JOHNSON, JR.,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:17cv348-RH/CAS**

**DIRECTOR MS. S. HOOKS,**
**and E. NEGRON-OLIVER,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former prisoner proceeding pro se in this action, filed a
third amended complaint, ECF No. 9, pursuant to 28 U.S.C. § 1331 and
Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388,
91 S. Ct. 1999, 29 L.Ed. 2d 619 (1971).  The third amended complaint
(hereinafter "complaint") was served on the two named Defendants and
Defendant Negron-Oliver filed a motion to dismiss or motion for summary
judgment, ECF No. 23, in November 2018.  The motion was subsequently
construed as a summary judgment motion, ECF No. 24, and Plaintiff was
provided with a discovery period prior to being required to file his

opposition to the motion.  ECF No. 25.  Thereafter, Plaintiff timely filed a response to the summary judgment motion, ECF No. 33, and Defendant Negron-Oliver filed a reply, ECF No. 35.

More recently, Defendant Hooks filed a notice, ECF No. 39, on May 8, 2019, which was construed as a motion to join in the pending motion for summary judgment.  *See* ECF No. 40.  However, the motion also raised separate arguments and, thus, Plaintiff was provided an opportunity to address those additional arguments.  ECF No. 40.  Considering that discovery had been extended and was ongoing, *see* ECF No. 38, Plaintiff was directed to advise whether or not he needed additional discovery before ruling was entered on the pending motions.  ECF No. 40.

Plaintiff filed a response to both of the Defendants' motions, ECF No. 41, requesting that it be accepted to replace his prior response, *see* ECF No. 33.  Plaintiff did not state that he needed additional discovery prior to responding.  Thus, Plaintiff's response, ECF No. 41, is accepted and construed as an amended response to the pending motion for summary judgment filed by Defendant Negron-Oliver as well as his response to the motion filed by Defendant Hooks.  The motions are ready for a ruling.

**Background**

The events at issue in this case occurred while Plaintiff was serving the final portion of his federal sentence at a residential reentry center in Tallahassee, Florida.  Plaintiff alleged that Defendants falsely accused him of circumventing mail procedures and retaliated against him.  *See* ECF No. 41 at 4; ECF No. 9 at 12-13.  He further alleged that he was denied his right to due process when he was not called to attend a disciplinary hearing before he was sanctioned with the loss of good conduct time and removed from the residential re-entry center.  ECF No. 9 at 6.  After Plaintiff filed an administrative appeal concerning the discipline imposed, the charges were "expunged."  ECF No. 9 at 11.  Plaintiff then filed an Administrative Tort Claim with the Bureau of Prisons and received a settlement offer, which he declined.  *Id.* at 12.

Defendant Negron-Oliver is now a retired BOP discipline hearing officer (DHO).  ECF No. 23 at 2.  At the time of the events in this case, Defendant Negron-Oliver was working as a DHO at FCI Bennettsville.  *Id.* In that capacity, she certified disciplinary actions taken at residential reentry centers (RRCs) housing BOP inmates in the Southeast Region.  *Id.*

Defendant Hooks was the Director of the Tallahassee RRC which was owned and operated by Keeton Corrections, Inc.  ECF No. 39 at 1. She is no longer employed by Keeton Corrections but, at the time of the underlying events, worked as an employee for that company and was not employed by the Bureau of Prisons (BOP).  ECF No. 39 at 5.  An RRC is "sometimes referred to as 'halfway houses' because they house federal prisoners who are nearing their release date and are 'half way' between being in prison and being released into society."  ECF No. 39 at 5-6. Defendant Hooks wrote an incident report against Plaintiff on August 19, 2015, which is at the center of this litigation.  ECF No. 23-1 at 3.

**Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The

"party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must then show[1] though affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the nonmoving party's case."  Id. at 325, 106 S. Ct. at 2554; Beard v. Banks, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006).

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  Additionally, "the issue of fact must be 'genuine'" and the non-moving party "must do more than simply show that

---

[1] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

there is some metaphysical doubt as to the material facts." <u>Matsushita</u>

<u>Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348,

1356, 89 L. Ed. 2d 538 (1986) (other citations omitted).  "The mere

existence of some factual dispute will not defeat summary judgment unless

that factual dispute is material to an issue affecting the outcome of the

case." <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1243 (11th

Cir. 2003) (quoting <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1023 (11th Cir.

2000)).

 "[A]t the summary judgment stage the judge's function is not himself

to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial." <u>Anderson v. Liberty</u>

<u>Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202

(1986).  "[T]here is no issue for trial unless there is sufficient evidence

favoring the nonmoving party for a jury to return a verdict for that party."

<u>Anderson</u>, 477 U.S. at 249, 106 S. Ct. at 2511 (noting that a "scintilla of

evidence" is not enough to refer the matter to a jury).  The Court must

decide "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." <u>Hickson Corp.</u>, 357 F.3d at 1260 (quoting

Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)).  All "justifiable inferences" must be resolved in the light most favorable to the nonmoving party, Beard, 548 U.S. at 529, 126 S. Ct. at 2578 (noting the distinction "between evidence of disputed facts and disputed matters of professional judgment."),[2] but "only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoted in Ricci v. DeStefano, 557 U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356 (other citation omitted).

**The Relevant Rule 56(e) Evidence**

Both Defendants submitted declarations as evidence supporting the summary judgment motion.  ECF No. 23-1; ECF No. 39 at 5-8.  Plaintiff submitted argument in his response, but he did not submit any evidence.

---

[2]  Noting that deference must be given "to the professional judgment of prison administrators," the Court stated that "[u]nless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage."  Beard, 548 U.S. at 530, 126 S. Ct. at 2578 (citing Overton v. Bazzetta, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167, 156 L. Ed. 2d 162 (2003)).

ECF No. 41.  Thus, there is no dispute as to the relevant summary

judgment evidence outlined below.

On August 17, 2015, Plaintiff's "significant other," Sharonda Bryant,

went to the RRC to drop off mail for Plaintiff that was received at her home,

which was Plaintiff's "release address."  ECF No. 32-1 at 7, 9.  Defendant

Hooks told Ms. Bryant that she "would deliver the mail to Plaintiff upon his

arrival from work."  ECF No. 9 at 4.[3]  RRC Staff inspected the mail and

noted that the senders were federal prisoners.  *Id.* at 7.  One prisoner

(Wimbush) was housed at FPC Lee and the other (Dunn) was housed at

FCC Pollock.  *Id.*  It was also discovered that Plaintiff was not authorized to

communicate with those prisoners while at the RRC.[4]  *Id.*

During a phone call by Ms. Bryant, Plaintiff learned that the mail had

been delivered to Defendant Hooks at the RRC.  ECF No. 9 at 4.  Plaintiff

---

[3] Plaintiff's second amended complaint, ECF No. 9, was sworn under penalty of perjury and may be considered as evidence in ruling on the summary judgment motion. *See* Sears v. Roberts, No. 15-15080, — F.3d —, 2019 WL 1785355, at *3 (11th Cir. Apr. 24, 2019) (citing United States v. Stein, 881 F.3d 853, 857 (11th Cir. 2018) (en banc) ("[O]ur cases correctly explain that a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment.") and Barker v. Norman, 651 F.2d 1107, 1115 (5th Cir. Unit A 1981) (stating that a verified complaint serves as the equivalent of an affidavit for purposes of summary judgment)).

[4] Federal inmates must have prior authorization to correspond with each other, and Plaintiff did not have such permission.  ECF No. 23-1 at 3.

then contacted Defendant Hooks and advised her that the mail was not

approved and should be returned to the sender. *Id.* When Defendant

Hooks told Plaintiff the mail would be held until his release from the RRC,

Plaintiff told her that "protocol" required the mail be returned to the sender.

*Id.* Plaintiff said that Defendant Hooks "became irate while on the phone

with Plaintiff." *Id.*

Plaintiff returned to the RRC from work and "confronted" Defendant

Hooks, showing her a handbook which allegedly supported his "demand to

return mail." *Id.* at 4-5. Plaintiff also said that if she did not "follow protocol

and return [the] mail," he would file an administrative grievance. *Id.*

Defendant Hooks "became irate and visually upset with Plaintiff" and told

him, "You do what you got to do and I'll do what I got to do!" *Id.* at 5.

Plaintiff "filed an Administrative Remedy Complaint BP-10 to the

appropriate Regional Office." *Id.*

Plaintiff contacted the Tallahassee Police Department on August 17,

2015. ECF No. 9 at 5; ECF No. 23-1 at 3. Plaintiff attempted to have

charges filed against Defendant Hooks "for withholding his mail or failing to

return it to Ms. Bryant." ECF No. 23-1 at 3, 10. No charges were filed as

"staff made the police aware that they were authorized to monitor and withhold unauthorized mail . . . ."  *Id.* at 10, 11.

Two day later, however, Plaintiff was charged with circumventing mail monitoring procedures, which is a "high severity level" prohibited act code 296.[5]  ECF No. 23-1 at 10-11; *see also* ECF No. 23-5 at 47, 49.  An investigation of the unapproved mail revealed Plaintiff had been communicating with inmate Dunn through "the 'corrlinks' database," and through "facebook."  ECF No. 23-1 at 3, 10-11.  Defendant Hooks wrote Plaintiff "an incident report on August 19, 2015, for mail circumvention since it appeared that he had tried to avoid the RRC's mail monitoring by having unauthorized mail sent to another address and then having it personally delivered to him."  *Id.* at 3.  Defendant Hooks indicates that her actions were in accordance with the instructions of her supervisors.  ECF No. 39 at 6.

"Plaintiff was removed from the RRC and taken back into custody at FDC Tallahassee on August 19, 2015."  ECF No. 23-1 at 3.  Plaintiff was given a copy of the incident report on September 2, 2019, and a Center

---

[5] The available sanctions for "high severity level prohibited acts" are found in Exhibit 5.  ECF No. 23-5 at 50.

Discipline Committee (CDC) hearing was held at the FDC on September 4, 2015.  ECF No. 23-1 at 9.  Plaintiff was advised of his rights concerning the hearing by Denise Collier.  *Id.*  Plaintiff declined staff assistance, and argued the "report was submitted out of retaliation from the RRC director." *Id.*

Plaintiff requested one witness, Sheronda Bryant, who did not appear at the hearing but submitted a written statement.  ECF No. 23-1 at 9. Evidence presented at the hearing included "copies of the envelopes received from a Correctional Institutions [sic], facebook account and police incident report."  *Id.*  Plaintiff was present at the hearing, advised he was ready to proceed with the hearing, but did not have any documentary evidence to present.  *Id.* at 3, 10, and 11.

The CDC reviewed, but discredited, Ms. Bryant's witness statement. ECF No. 23-1 at 10.  The CDC concluded that the "greater weight of evidence" showed Plaintiff violated "prohibited act 296 mail circumvention." *Id.*  The CDC's Report noted that such action "create[d] a serious security concern for staff" and recommended a disciplinary transfer as a sanction. *Id.*

Pursuant to the Community Corrections Manual and BOP Program Statement 7300.09, *see* Rule 5.7.3 of Exhibit 4, the CDC Report was submitted to a Discipline Hearing Officer (DHO) for review to ensure compliance with the CDC discipline policy and *Wolff v. McDonnell*.  ECF No. 23-4 at 209.  In this case, the CDC Report was submitted to Defendant Negron-Oliver, the DHO.  ECF No. 23-1 at 2.  Defendant Negron-Oliver reviewed the CDC packet and summarized her conclusions and findings. *Id.* at 4; *see also* ECF No. 23-1 at 11.  She concluded that Plaintiff was "well aware" of the unauthorized mail and attempted to circumvent the rules by having mail sent to his "release address."  ECF No. 23-1 at 11. Defendant Negron-Oliver certified Plaintiff's discipline and in light of the severity of the rule violation, sanctioned Plaintiff with the loss of 47 total days good conduct time, six months loss of visitation, and removal from the RRC.  ECF No. 23-1 at 4, 12.  Defendant Negron-Oliver stated in her declaration that she was unaware that Plaintiff had filed any grievances and, therefore, that was not a factor in her "decision to certify the CDC's discipline."  *Id.* at 4.  The fact that Plaintiff contacted the police was also not a motivating factor.  *Id.*

Plaintiff was notified of his appeal rights and he filed a "Regional Administrative Remedy Appeal" which was received on December 15, 2014. *Id.*; *see also* ECF No. 23-1 at 16-18. Lee Green, the Regional DHA decided "to remand the case back to the institution for a hearing." *Id.* at 16. The decision was based on the fact that "the incident report failed to indicate how staff determined [that Plaintiff] was aware the mentioned mail was being sent to his projected release address." *Id.* at 20. "Further, staff failed to indicate how it was determined this inmate requested these correspondence be delivered to him." *Id.*

"When the incident report was remanded by the DHA to the RRC on December 28, 2015, Plaintiff transferred from FCI Tallahassee to the RRC that same day." ECF No. 23-1 at 4. "The report was not rewritten by the RRC, there was no rehearing, and the discipline was ultimately expunged." *Id.* Plaintiff served the last several weeks of his sentence at the RRC and was released from BOP custody on January 13, 2016. *Id.* at 3.

**Analysis**

Plaintiff asserted First Amendment retaliation claims against both Defendants, as well as a Fourteenth Amendment claim for the denial of due process against Defendant Negron-Oliver. ECF No. 9 at 9, 13.

Defendants argue that these claims are not viable after the Supreme

Court's decision in Ziglar v. Abbasi, 137 S. Ct. 1843, 198 L. Ed. 2d 290

(2017).  ECF No. 23 at 9; ECF No. 39 at 1.  Additionally, Defendants assert

that if Plaintiff's claims are not subject to dismissal under Ziglar, they are

entitled to qualified immunity.  ECF No. 23 at 22.  Defendant Hooks further

argues that as an employee of a private contractor, she is "not liable under

any *Bivens* type claim brought by the Plaintiff."  ECF No. 39 at 2-3.

First, as a matter of clarification, Plaintiff asserted his due process

claim under the Fourteenth Amendment.  However, Defendant Negron-

Oliver is a federal officer, not a state official.  In such a case, the "Due

Process Clause of the Fifth Amendment, rather the Fourteenth

Amendment, governs" Plaintiff's claim.  Daniel v. U.S. Marshall Serv., 188

F. App'x 954, 961 (11th Cir. 2006) (citing Rodriguez-Padron v. INS, 13 F.3d

1455, 1458 n. 7 (11th Cir. 1994)).

"In Wolff v. McDonnell, the Supreme Court set out the hearing

procedures that must be satisfied to meet the standards of due process in

the prison setting."  Robinson v. FCC Coleman - USP II Warden, No.

18-14925, — F.App'x —,  2019 WL 2372291, at *1 (11th Cir. June 5, 2019)

(quoting Wolff, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

"According to <u>Wolff</u>, prisoners must receive: (1) written notice of the charges against them at least 24 hours before the corresponding hearing; (2) an opportunity to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." <u>Robinson</u>, 2019 WL 2372291, at *1 (citing <u>Wolff</u>, 418 U.S. at 563-67, 94 S.Ct. 2963).

Here, it is undisputed that Plaintiff received written notice of the disciplinary charge brought against him.  Because he received that notice on September 2nd, and the hearing was not held until September 4th, he had more than the required 24 hour notice.  It is also undisputed that Plaintiff was provided an opportunity to submit evidence and his witness statement was considered in the hearing.  Moreover, it is undisputed that Plaintiff was present at his hearing before the Center Discipline Committee (CDC).  Although Plaintiff has complained in this case that he was not given a *second* hearing before the DHO certified the discipline imposed, Plaintiff does not have a right to be present for a second hearing.  Thus, Plaintiff was afforded all the discipline required under <u>Wolff</u>.

Courts have uniformly held that when a federal prisoner has been

held at an RRC at the time he is charged with a rule infraction, "due

process is afforded at a CDC hearing, not a DHO hearing." Douglas v.

English, No. 5:15-CV-124-LC -GRJ, 2017 WL 3842388, at *6 (N.D. Fla.

Aug. 3, 2017), report and recommendation adopted sub nom. Douglas v.

Sec'y, Fla. Dep't of Corr., No. 5:15-CV-124-LC-GRJ, 2017 WL 3841690

(N.D. Fla. Sept. 1, 2017) (citing Abbott v. Hollingsworth, No. CIV. 14-6784

NLH, 2015 WL 1952355, at *5 (D.N.J. Apr. 29, 2015); Stevens v. Thomas,

No. 11-CV-790-MA, 2011 WL 3563131, at *4 (D. Or. Aug. 10, 2011) (citing

Mazzanti v. Bogan, 866 F. Supp. 1029, 1033 (E.D. Mich. 1994)); Sierra v.

Scism, No. 1:10-CV-1885, 2011 WL 65665, at *2 (M.D. Pa. Jan. 7, 2011)

(noting that "every court which has examined the procedures established

by Program Statement 7300.09 has held that these procedures satisfy the

procedural due process requirements established by the Supreme Court in

Wolff v. McDonnell"); Harris v. Norwood, No. CV 07-2588-SGL, 2008 WL

5377647, at *1 (C.D. Cal. Dec. 16, 2008) (no due process violation where

petitioner at RRC was given a hearing before the CDC hearing, reviewed

by the DHO prior to sanctions); Rini v. Nash, No. Civ.05-2202 RBK, 2005

WL 2033689, at *3 (D.N.J. Aug. 22, 2005) ("Wolff does not mandate that

Petitioner be granted two hearings one before the CDC and one before the DHO.").  Beyond the constitutional requirement set forth in <u>Wolff</u>, the BOP's rules do not dictate that Plaintiff is entitled to a second hearing.  <u>Douglas</u>, 2017 WL 3842388, at *6 (citing to P.S. 7300.09 and noting that the CDC is to hold a hearing and the DHO is not required to hold a second hearing).

Furthermore, Plaintiff was provided additional due process in that he received administrative review of the discipline which ultimately provided him with relief.  The incident report was overturned, remanded, and ultimately expunged.  Plaintiff was then immediately returned to the RRC and he completed his sentence at the halfway house.  Summary judgment should be granted in favor of Defendant Negron-Oliver because Plaintiff's due process rights were not violated.

Plaintiff's First Amendment claim has also been analyzed on the merits.  For thirty years, courts have held that the "First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th Cir. 2003) (citing <u>Thomas v. Evans</u>, 880 F.2d 1235, 1242 (11th Cir. 1989)).  A First Amendment retaliation claim requires a prisoner to establish that: (1) "his speech was constitutionally protected;" (2) that he "suffered adverse action"

such that the "allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoted in Bumpus v. Watts, 448 F. App'x 3, 6 (11th Cir. 2011)).

The right to file a grievance is constitutionally protected speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008); O'Bryant, 637 F.3d at 1212.  However, a citizen does not have "a judicially cognizable interest in the prosecution or nonprosecution of another."  Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986).  Thus, Plaintiff does not have a constitutionally protected right to seek to complain to the police and seek the prosecution of another citizen.  Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (stating that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Weaver v. Mateer & Harbert, P.A., 523 F. App'x 565, 568 (11th Cir. 2013) ("we have explicitly rejected a private citizen's interest in the prosecution of others"); Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen

cannot compel the investigation and prosecution of another).  Accepting

Plaintiff's statement in his complaint that he filed a grievance against

Defendant Hooks, there is no evidence of a causal connection to that

grievance.

Plaintiff was removed from the RRC and taken to the FDC on August

19, 2015.  Defendant Hooks wrote the incident report against Plaintiff on

that same day.  There is no evidence to show *when* Plaintiff wrote his

grievance and, thus, he has not shown that his grievance was written

*before* Defendant Hooks wrote the incident report.  Additionally, Plaintiff's

complaint stated that he sent the grievance to the "appropriate Regional

Office."  Defendant Hooks was not located at a Regional Office, and there

is no evidence to show that Defendant Hooks knew about Plaintiff's

grievance, whenever it may have been written.  As for Defendant Negron-

Oliver, she specifically declared that Plaintiff's discipline was imposed

based only on the evidence presented and she was unaware if Plaintiff had

filed any grievances.  In such a case, there can be no causal connection to

an alleged act of retaliation.  <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th

Cir. 2003) (finding no causal relationship between a prisoner's complaint

and alleged retaliation because Defendant Shipman's affidavit stated "that

she never received nor had knowledge of Farrow's complaints, and Farrow

has offered no evidence to rebut her evidence").  Plaintiff has not come

forward with any evidence to show that either Defendant knew that Plaintiff

had exercised his First Amendment right of free speech.  Thus, Plaintiff has

not demonstrated the basis for his retaliation claim.

In light of the conclusion that Plaintiff has not come forward with any

evidence to demonstrate either a retaliation claim or a due process claim,

there is no need to evaluate whether or not a damages remedy would exist

for such a claim in the wake of Ziglar v. Abbasi, 137 S. Ct. 1843, 1854, 198

L. Ed. 2d 290 (2017); *see also* Hernandez v. Mesa, 137 S. Ct. 2003, 2006,

198 L. Ed. 2d 625 (2017) (remanding for consideration of whether a *Bivens*

remedy is available under Abbasi).  Notably, the Supreme Court has

assumed without deciding that *Bivens* extends to First Amendment claims.

*See* Wood v. Moss, 572 U.S. 744, 757, 134 S. Ct. 2056, 2066, 188 L. Ed.

2d 1039 (2014) (assuming without deciding that *Bivens* extends to First

Amendment claims but holding that Secret Service agents were entitled to

qualified immunity); Reichle v. Howards, 566 U.S. 658, 663, n.4, 132 S. Ct.

2088, 2093, 182 L. Ed. 2d 985 (2012) (noting that the Court need not

decide whether *Bivens* extends to First Amendment retaliatory arrest

claims); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675, 129 S. Ct. 1973, 173 L.Ed. 2d 868 (2009) (assuming without deciding that *Bivens* extended to First Amendment claim since the federal officials "did not press the issue"). The Court has also made clear that expanding a *Bivens* remedy is "'disfavored' judicial activity." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009); <u>Corr. Serv. Corp. v. Malesko</u>, 534 U.S. 61, 68, 122 S. Ct. 515, 151 L.Ed. 2d 456 (2001). Furthermore, the Court has "never held that *Bivens* extends to First Amendment claims." <u>Reichle</u>, 566 U.S. at 663, n.4, 132 S. Ct. at 2093 (quoted in <u>Johnson v. Burden</u>, No. 18-11937, 2019 WL 2949425, at *2-3 (11th Cir. July 9, 2019)). Because Plaintiff has not provided any evidence to support either his First Amendment retaliation claim or the Fifth Amendment due process claim, there is no reason to determine if an implied remedy should be available under *Bivens*.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motions for summary judgment filed by Defendants Negron-Oliver, ECF

No. 23, and Defendant Hooks, ECF No. 39, be **GRANTED**, and that

judgment be entered in favor of the Defendants and against Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on August 1, 2019.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**